697 F.2d 151
 12 Fed. R. Evid. Serv. 581
 Lester R. BUCHANAN, as personal representative of the Estate
of Glenn A. Buchanan, Plaintiff,
AMERICAN MOTORS CORPORATION, Defendant-Appellant.
In the Matter of the Motion of Richard G. SNYDER, Non-Party Appellee.
 No. 81-1723.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 4, 1982.
Decided Jan. 12, 1983.
 
 Thomas L. Auth, Jr., Tyler & Canham, Detroit, Mich. Joseph L. Forstadt (argued), Jay P. Mayesh, Brian M. Cogan, John B. Berringer, David A. Kaplan, Stroock & Stroock & Lavan, New York City, Shelley M. Pew, Starnes & Davis, P.A., Asheville, N.C., for defendant-appellant.
 Peter A. Davis (argued), Davis & Fajen, Ann Arbor, Mich., for non-party appellee.
 Before ENGEL and MERRITT, Circuit Judges, and MORTON, Chief District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 Appellant, a defendant in a federal, diversity, products liability, wrongful death action in North Carolina for injury arising from a claimed design defect in a Jeep manufactured by appellant, seeks to subpoena appellee, an expert residing in Michigan who has published a lengthy adverse research study about the safety of appellant's product. The subpoena reads in pertinent part as follows:
 
 
 2
 To Richard G. Snyder, Highway Safety Research Institute of the University of Michigan, Ann Arbor, Michigan.
 
 
 3
 You are commanded to appear at 290 City Center Building at the offices of Huron Reporting Service in the city of Ann Arbor on the 23rd day of July, 1981, at 10:00 A.M. to testify ... at the taking of a deposition in the above-entitled action pending in the United States District Court for the Western District of North Carolina and bring with you any and all research data, memoranda, correspondence, lab notes, reports, calculations, moving pictures, photographs, slides, statements and the like pertaining to the on-road crash experience of utility vehicles study by the Highway Safety Research Institute of the University of Michigan for the Insurance Institute for Highway Safety in which you participated.
 
 
 4
 (Appendix, p. 3.) Appellee is a stranger to the North Carolina litigation and is not an expert witness or adviser to any party to that litigation under Rule 26(b)(4) of the Federal Rules of Civil Procedure or to the Court under Rule 706(a) of the Federal Rules of Evidence. Appellant states that its reason for seeking discovery from the expert is that it expects its adversary in the North Carolina litigation to use the research study as one basis for expressing an adverse expert opinion about the safety of appellant's product.
 
 
 5
 Assuming without deciding that the expert here, whose testimony and data have been subpoenaed, has neither an absolute nor qualified privilege to refuse discovery and is subject to the same general evidentiary rules requiring discovery as any other witness, it is nevertheless clear that the question of the scope of discovery addresses itself to the sound discretion of the District Court in the first instance. See Judge Friendly's opinion for the Second Circuit in Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir.1976) (trial court's decision respecting quashing subpoena addressed to expert who is a stranger to litigation "represent[s] an exercise of discretion"). Our review of the record indicates that the District Court did not abuse its discretion in quashing the subpoena duces tecum in the instant case on grounds that it is unreasonably burdensome. Compliance with the subpoena would require the expert who has no direct connection with the litigation to spend many days testifying and disclosing all of the raw data, including thousands of documents, accumulated over the course of a long and detailed research study. Like the District Court, we note that the expert is not being called because of observations or knowledge concerning the facts of the accident and injury in litigation or because no other expert witnesses are available. Appellant wants to attempt to prove that the expert's written opinions stated in the research study are not well founded.
 
 
 6
 The District Court did not err in finding improper the practice of calling an eminent expert witness (who is a stranger to the litigation) under a burdensome subpoena duces tecum that would require him to spend a large amount of time itemizing and explaining the raw data that led him to a research opinion adverse to the interest of a party which is the author of the subpoena.
 
 
 7
 Accordingly, the judgment of the District Court quashing the subpoena in question is affirmed.
 
 
 
 *
 The Honorable L. Clure Morton, Chief District Judge, United States District Court for the Middle District of Tennessee, sitting by designation